UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL MARTIN MATZ,

    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

No. 14 C 5734
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Martin Matz ("Plaintiff") seeks summary judgment, as does Defendant Carolyn W. Colvin, acting Commissioner of Social Security ("Defendant"). The Commissioner seeks approval of its decision based on her review of the Administrative Law Judge's ("ALJ") finding that Plaintiff is not disabled within the meaning of the Social Security Act. Absent such disability, Social Security denies claims for disability insurance benefits. Plaintiff claims that the evidence disclosed at the ALJ's hearing mandates payment of the benefits or, in the alternative, a remand to reconsider the claims in light of errors in the ALJ's consideration of the evidence and arguments offered by Plaintiff.

The insured status of Plaintiff and the absence of any substantial gainful employment activity since March 2007 are essentially conceded. There is evidence that Plaintiff did declare, in the beginning, that the date of disability was August 25, 2010. The ALJ did not consider this as casting doubt on the general honesty of Plaintiff. The March 5, 2007 date was identified by Plaintiff as a day he stopped working due to a shoulder fall while working on a delivery dock.

The ALJ's relevant findings and legal conclusions are these:

1

1. Severe Impairments: status post L3-L4 discectomy and fusion; left shoulder rotator cuff syndrome and post traumatic arthritis of the left foot.
2. Claimant does not have impairments or a combination of impairments that meet or medically equal the severity of one of the listed impairments set forth in Social Security regulation.
3. Claimant has the residual functional capacity to perform light work except for limitations and capacity, to wit, the ability occasionally to stoop, crouch, crawl, kneel, climb stairs, ramps, and scaffolds, reach overhead, push pedals with the left foot, tolerate exposure to freezing temperature and can frequently reach below the shoulder level.
4. The past relevant work is beyond claimant's capacity to drive trucks and assemble gardening tools which require at least medium exertion.
5. The claimant was 43 years old and had at least a high school education on the claimed onset of the alleged disability. He had acquired work skills in his past work.
6. The vocational expert did find his prior skills would allow him to perform various light exertion jobs which exist in Illinois and the nation.

I begin with my opinion that the evidence was not so compelling that the ALJ really had no choice but to award benefits. There were qualified experts who testified that Plaintiff's condition did not warrant payment of benefits. The ALJ's selected path to his decision is challenged; Plaintiff claims the ALJ did not take some of the relevant facts into consideration.

There are significant pieces of evidence that were not taken into account. The right shoulder injury was in evidence and could not be ignored, as Plaintiff notes. *Golembiewski v. Barnhart*, 322 F.3d 912, 917-18 (7th Cir. 2003). The medical history shows a right shoulder reconstructive surgery in the early 1990s and another in 2007. The medical expert also believed

that Plaintiff had problems raising his arm above his shoulder and other deficits. He concluded that a prior rotator cuff repair and damage of that shoulder's labrum along with tendinitis would have left Plaintiff with rare use of his upper extremities confined to the use of five pounds per arm. The details were in the initial disability report limiting ability to work.

Plaintiff did speak of his pain. The ALJ did state that these statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functioning capacity assessment." I agree that the Court of Appeals regards this language as absent of meaning and this is true in this case. *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012).

What has meaning is Plaintiff's evidence that, in his condition, he can do some things: walk four blocks, drive a car, do his laundry, shop, and visit with friends. None of these things are inconsistent with his claim of disability. In short, his pains do not prevent him from a range of activities. None of these activities appears to involve generally long hourly periods of activity. He testified that he does read the news, watch television, and sit outside his residence. In his statements, it is clear he cannot do much of anything involving physical effort. His doctor, who is his treating physician, records Plaintiff's prescription history of periods where pain was alleviated with codeine and opioid drugs. The ALJ could very well reject the views of the long-time treating physician. The ALJ could find that the medical expert was right and the others wrong, but he should speak of why this is so. In some respects, the ALJ was less than complete in his understanding of the virtues and qualification of each physician whose views he had to consider with care.

I tend to agree with Plaintiff that 440 appropriate jobs in this region is likely a number of jobs that cannot be deemed significant.

Finally, it is true that in this Court the Commissioner offers a different set of reasons for accepting the conclusions of the ALJ. The discounting of Plaintiff's personal (and longtime) physician is based on the grounds that those conclusions were less credible than those of another expert who found Plaintiff had a normal, unassisted gait and could walk on heels and toes. Since this was not a view cited by the ALJ, it ought to be specifically raised at a further hearing. The value of the opinions of Drs. Hodge and Green appears to be accepted by the Commissioner but left unmentioned in the ALJ's written decision. This, too, ought to be reconsidered. There is one other aspect regarding the way that one expert was judged that raises concern and ought to be resolved on remand. The ALJ said that the testimony of Dr. Munoz was more persuasive than that of Dr. Julian Freeman because of Munoz's experience as a surgeon. It appears that Dr. Munoz is not a surgeon. The irony is that the ALJ noted that Dr. Freeman may be less credible because he was not a radiologist, orthopedic surgeon, or a neurologist. These errors and their import should be re-examined.

I remand the case to the Commissioner for further proceedings to reach a proper determination of his claim for disability status.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 6, 2015